JOHN J. SCHWARZ, Appellant, *v.* CHARLES HERRENKIND, Appellee.

### APPEAL FROM COOK.

It is for the court to decide whether an instrument has a seal or not; but on a question as to the alteration of an instrument, by affixing a seal, the jury may decide.

A bill of exceptions need not show that a note was formally admitted in evidence by the court, and formally read to the jury, if it appears that the note was in evidence and the jury acted upon it.

THIS was an action of assumpsit, on a promissory note, with a power of attorney to confess judgment. A judgment was confessed at October term, 1852, of the Cook Circuit Court.

At June term, A. D. 1859, a motion to set aside the judgment was filed by defendant, and proceedings stayed.

At the same term, it was ordered by the court that the sheriff return the execution issued on the judgment, that the judgment be and is thereby opened, and leave given to the defendant to plead, " and that said judgment stand as security to said plaintiff for any sum which he may hereafter recover against said defendant."

Defendant filed plea of the general issue, and affidavit of merits.

Defendant filed special plea by leave of court, alleging total failure of consideration, and notice thereof on the part of plaintiff.

Issue was joined, and a jury trial had, and a verdict for plaintiff. Damages, $225.

Motions for new trial, and in arrest of judgment, severally overruled by the court.

Judgment was entered as follows : " Thereupon it is considered by the court that said plaintiff do have and recover of the said defendant, his damages of two hundred and twenty-five dollars, in form as aforesaid, by the jury aforesaid assessed, together with his costs and charges by him about his suit in this behalf expended, and have execution therefor."

On the trial, the plaintiff offered in evidence a note, in words and figures following, to wit:

$200.                                    *Chicago, July* 28, 1858.

Sixty days after date, for value received, I, J. J. Schwarz, promise to pay to Michael Hambrecht, or order, the sum of two hundred dollars, with interest at 10 p. c. p. annum, after due.

(Signed)                         J. J. SCHWARZ. [SEAL.]

Attached to which said note was a power of attorney, and on which was written, near the edge of the paper, the words " M. Hambrecht ;" and forasmuch as an inspection of the original paper is necessary, in order to a correct understanding of the place where said words " M. Hambrecht," are written thereon, it is ordered by the court below, that the original paper be annexed to, and transmitted with, and as a part of the bill of exceptions ; which was done.

To the introduction of which said note in evidence the defendant, by his counsel, objected on two grounds : 1st, that said note was under seal, and this action and the declaration was in assumpsit; 2nd, that there was no indorsement of said note to the plaintiff.

As to the second of which said objections, the court overruled the objection, and directed the plaintiff to write over the words " M. Hambrecht," an order to pay said note to the plaintiff ; to which decision and ruling of the court in overruling said second objection, the defendant excepted. The plaintiff's attorney then wrote above the words " M. Hambrecht," the words, " Pay within note to Charles Herrenkind."

And as to the first objection by the defendant, made to the admission of said note in evidence, the plaintiff offered to show, by evidence, to the jury, that the seal thereon was at-

tached thereunto since this suit was commenced. To which the defendant, by his counsel, objected, but the court overruled the objection, and allowed the testimony to go to the jury, and the defendant, by his counsel, excepted.

The plaintiff then called several witnesses who testified under objection, as to the condition of the note when they saw it; whose testimony tended to prove that the seal had been put to the note since it was delivered by the maker.

All of which evidence was taken under objection by the defendant, which the court overruled, and allowed the same to go to the jury; to which ruling and decision of the court the defendant, by his counsel, excepted.

The defendant also called a witness who swore that the seal was on the note in September, 1859.

The following instruction was given by the court on behalf of the plaintiff:

"If the jury find, from the evidence, that the seal was attached to the note after it was made and delivered, without the knowledge and consent of the plaintiff, then the objection to the note that it is a sealed instrument should be wholly disregarded by the jury, and a verdict should be found for the plaintiff." To the giving of which instruction by the court, the defendant, by his counsel, excepted.

The following instructions were given to the jury by the court, on behalf of the defendant:

1. The burden of proof is upon the plaintiff in this case, and unless the jury are satisfied, from the evidence, that the seal in question was added to the note since its execution, without the knowledge and consent of the parties thereunto, then they should find for the defendant.

2. If the jury believe, from the evidence, that the seal to the note in question was attached thereto at the time of the commencement of this case and the execution of the same, then the jury will find for the defendant.

3. If the jury believe, from the evidence, that the seal was attached to the note in question before the commencement of this case, by the plaintiff, without the knowledge or consent of the defendant, then the defendant is entitled to a verdict, and the jury should find accordingly.

4. The law imposes upon the party offering a paper in evidence, the explanation of any alterations which may appear therein, and therefore if the jury believe, from the evidence, that any alteration has been made in the note in question, the burden of proof is upon the plaintiff to explain the same, and unless the jury believe, from the evidence, that such alteration has been explained by the plaintiff, the presumption of the law is that it

was made by the plaintiff, and the jury should find for the defendant.

5. It is of no consequence who attached the seal to the note in question, if it was done with the knowledge and consent of the parties to the note, before it came into the possession of the plaintiff.

6. If the jury believe, from the evidence, that the seal was appended to the note in question after its execution, and before the commencement of this suit, by and with the consent of the parties thereunto, then the plaintiff is not entitled to recover, and the jury should find for the defendant.

Attached to the record at the end of the bill of exceptions, is the original note and power of attorney, to which reference is hereby made.

The errors assigned are—

1st. That the verdict upon which said judgment was rendered as aforesaid, was given without any evidence upon which to base the same.

2nd. That the note declared on was never indorsed to the plaintiff below by the payee thereof.

3rd. That the note declared on was under seal, and the action of the plaintiff below, and the said declaration, were in assumpsit, and said note could not be introduced in evidence in said case.

4th. That the court erred in permitting the evidence given by the witnesses for the plaintiff below, in regard to the seal attached to said note, to be so given, and to go to the jury, and in overruling the objection of said defendant below to the introduction of said testimony before the jury.

5th. That the court erred in not sustaining the objection of the defendant below to the introduction of said note in evidence, on the ground that it was under seal, and in not deciding that objection one way or the other.

6th. That the court erred in overruling the objection of the defendant below to the introduction of the note in question in evidence, on the ground that it had not been indorsed to the plaintiff below.

7th. That the court erred in leaving the question of the admissibility of evidence to the jury.

8th. That the verdict should only have found the fact, whether or not the seal was appended to the note after the commencement of the suit, whereas it was a verdict for damages.

9th. That the verdict did in fact only determine that the note was admissible in evidence.

10th. That the judgment was rendered without a trial of

the issues joined, but upon a feigned issue, made by the court upon the admissibility of certain testimony.

11th. That the evidence of the witnesses tended to show a material alteration of the note in question after the execution, and, in the absence of explanation, the presumption was, that the note was altered by the plaintiff below, and it was therefore void.

12th. That the plaintiff below claimed that the note had been altered, and offered no explanation of the alteration, which was a material one.

13th. That the court erred in giving the instruction by the court given on behalf of the plaintiff below.

14th. That the verdict was against the evidence and the law.

15th. That the court erred in overruling the motions of defendant below for a new trial and in arrest of judgment.

16th. That the said judgment was rendered in said cause while there was already a final judgment therein not reversed, annulled or otherwise vacated.

17th. That the court erred in opening the judgment rendered in said cause, Oct. 12th, 1858, and all the proceedings in said cause subsequent thereto are irregular, invalid and void.

18th. That the record aforesaid discloses two final judgments for damages upon the same cause of action against the same defendant in the same cause, neither of said judgments being reversed, annulled or vacated.

19th. That the declaration aforesaid and the matters therein contained are not sufficient in law for the plaintiff below to have or maintain his aforesaid action thereof against the said defendant below.

20th. That the original judgment in said cause was erroneous, in that it was rendered by confession upon a warrant of attorney, which describes another and different note from the note upon which said judgment was rendered; and in that it was rendered without due proof of the execution of said warrant of attorney; and in that the cognovit is signed by one Lewis H. Davis, as the defendant's attorney, whereas the judgment aforesaid states the appearance of said defendant and the confession of said judgment, as by Samuel H. Davis, defendant's attorney; and in that said note is under seal, and the declaration and action of said plaintiff below are in assumpsit; and in that said note is not, and was not, indorsed by the payee thereof to the said plaintiff below.

M. W. FULLER, for Appellant.

A. W. WINDETT, for Appellee.

CATON, C. J. The objection that the note was not indorsed by the payee, is not sustained in point of fact. We find on an inspection of the original note, which is attached to the record, that it was indorsed by the payee. All the objections to the power of attorney and to the judgment confessed were obviated, when that judgment was opened on the application of the defendant, and he was admitted to plead.

The note was sued upon as a simple instrument, and when produced on trial a seal was attached, and on that ground it was objected to by the defendant, to obviate which, the plaintiff introduced testimony tending to show that the seal had been attached since the commencement of the action, and without his knowledge or consent, and this question was submitted to the jury, and we think properly. It was for the court to decide whether there was a seal to the note, and on inspection it was manifest there was; but when the issue was presented whether the note had been altered, and when, and by whom, by the addition of the seal, that issue might well be submitted to the jury. Suppose the defendant had presented this issue by a plea of *non est factum*, would any one doubt that it was a question for the jury? And if the same issue when presented by the defendant would have been proper for the jury, it was equally so when presented by the plaintiff. This issue was submitted to the jury under proper instructions, and they found it for the plaintiff, and we think properly.

It is hardly necessary to notice the technical objection, that the bill of exceptions does not show that the note was formally admitted in evidence by the court, and formally read to the jury. The result shows that it was in evidence before them, and they acted upon it, and we have seen that it was proper evidence for their consideration.

The judgment must be affirmed.          *Judgment affirmed.*